## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| PARKERVISION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.  3:15-cv-1477-J-39-JRK |
| | | Jury Trial Demanded |
| APPLE INC., QUALCOMM | ) | |
| INCORPORATED, SAMSUNG | | |
| ELECTRONICS CO., LTD., | ) | |
| SAMSUNG ELECTRONICS AMERICA, | | |
| INC., SAMSUNG TELECOMMUNICATIONS | ) | |
| AMERICA, LLC, SAMSUNG | | |
| SEMICONDUCTOR, INC., LG | ) | |
| ELECTRONICS, INC., LG ELECTRONICS | | |
| U.S.A., INC., and LG ELECTRONICS | ) | |
| MOBILECOMM U.S.A, INC., | | |
| | ) | |
| Defendants. | | |
| | ) | |

## AMENDED COMPLAINT

Plaintiff, ParkerVision, Inc., sues Apple Inc. ("Apple"), Qualcomm Incorporated ("Qualcomm"), Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., (together, the "Samsung Defendants"), LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A, Inc., (together, the "LG Defendants") (collectively, "Defendants"), and alleges the following:

## THE PARTIES

1.        ParkerVision is a Florida corporation with its principal places of business at 7915 Baymeadows Way, Suite 400, Jacksonville, Florida 32256 and 1035 Greenwood Boulevard, Lake Mary, Florida 32746.

2.        Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3.        Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.

4.        Samsung Electronics Co., Ltd. is a foreign corporation organized and existing under the laws of South Korea, with its principal place of business located at Samsung Electronics Bldg., 1320-10 Seocho 2-dong, Seocho-gu, Seoul 137-857, South Korea.  Samsung Electronics Co., Ltd. has conducted business in the United States, including the State of Florida.  Samsung Electronics Co., Ltd. is the parent corporation of Samsung Electronics America, Inc. and Samsung Telecommunications America, LLC, which run Samsung Electronics Co., Ltd.'s operations within the United States.

5.        Samsung Electronics America, Inc. is a wholly-owned subsidiary of Samsung Electronics Co., Ltd.  Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Electronics America, Inc. is the managing entity for the North American operations of Samsung Telecommunications America, LLC.

6.        Samsung Telecommunications America, LLC is a subsidiary of Samsung Electronics America, Inc., with an ultimate parent of Samsung Electronics Co., Ltd.  Samsung

Telecommunications America, LLC is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business located at 1301 East Lookout Drive, Richardson, Texas 75082.

7.     Samsung Semiconductor, Inc., is a subsidiary of Samsung Electronics Co., Ltd. Samsung Semiconductor, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 3655 North First Street, San Jose, California 95134.

8.     LG Electronics, Inc. is a Korean entity with a principal executive office at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, South Korea.

9.     LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

10.    LG Electronics MobileComm U.S.A, Inc. is a California corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

## NATURE OF THE ACTION

11.    This is a civil action for the infringement of United States Patent No. 6,879,817 (the "'817 Patent") (attached as Exhibit 1 to the initial complaint, filed Dec. 14, 2015 (Doc. 1; "the Complaint")) entitled "DC Offset, Re-Radiation, and I/Q Solutions Using Universal Frequency Translation Technology"; United States Patent No. 7,929,638 (the "'638 Patent") (attached as Exhibit 2 to the Complaint) entitled "Wireless Local Area Network (WLAN) Using Universal Frequency Translation Technology Including Multi-Phase Embodiments"; United States Patent No. 8,571,135 (the "'135 Patent") (attached as Exhibit 3 to the Complaint) entitled "Method, System and Apparatus For Balanced Frequency Up-Conversion Of A Baseband Signal"; United States Patent No. 9,118,528 (the "'528 Patent") (attached as Exhibit 4 to the

Complaint) entitled "Method And System For Down-Converting An Electromagnetic Signal, And Transforms For Same, And Aperture Relationships" (collectively, the "Patents-in-Suit") under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

12.    ParkerVision is the lawful assignee and owner of all right, title and interest in and to the Patents-in-Suit.

13.    ParkerVision, Qualcomm and Samsung are engaged in a separate patent infringement action, which ParkerVision filed in the Middle District of Florida, on May 2, 2014 and is styled *ParkerVision, Inc. v. Qualcomm Incorporated, et al.*, Case No. 6:14-cv-687-PGS-KRS, which was filed after the action styled *ParkerVision, Inc. v. Qualcomm Incorporated*, Case No. 3:11-cv-719-RBD-TEM.   This action involves different patents than the other actions.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

15.    Personal jurisdiction exists generally over Apple because Apple has sufficient minimum contacts with the forum as a result of business conducted within the State of Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over Apple because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

16.    Personal jurisdiction exists generally over Qualcomm because Qualcomm has sufficient minimum contacts with the forum as a result of business conducted within the State of

Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over Qualcomm because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

17.     Personal jurisdiction exists generally over the Samsung Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over the Samsung Defendants because they, directly or through subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

18.     Personal jurisdiction exists generally over the LG Defendants because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over the LG Defendants because they, directly or through subsidiaries or intermediaries, make, use, offer for sale, sell, import, advertise, make available and/or market products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

19.     Venue in this District is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District. Defendants make, use, and/or sell infringing products within this District, have continuing presence within the District, and have the requisite minimum contacts

with the District such that this venue is a fair and reasonable one. Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the District.

20.     All conditions precedent to bringing this action have been performed, been waived or have occurred.

## COUNT I
### (Defendants' Infringement of the '817 Patent)

21.     ParkerVision incorporates the allegations in paragraphs 1 through 20, above.

22.     The '817 Patent is valid and enforceable.

### Apple Infringes the '817 Patent

23.     Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '817 Patent. Such devices provided by Apple are radio frequency ("RF") receivers, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

24.     On information and belief, Apple infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 7, 11, and 14 of the '817 Patent due to Apple making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the iPhone 6 smartphone, iPhone 6S smartphone, and iPad Air tablet ("Apple Products"). Included in these exemplary Apple Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a

higher frequency signal into a lower frequency signal in the same way as claimed by the '817 Patent.

25.     Attached to the Complaint as Exhibit 5 is an exemplary claim chart comparing claim 1 of the '817 Patent to the iPhone 6 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 6 is an exemplary claim chart comparing claim 1 of the '817 Patent to the iPhone 6S smartphone, which includes a Qualcomm WTR3925 transceiver.  Attached to the Complaint as Exhibit 7 is an exemplary claim chart comparing claim 1 of the '817 Patent to the iPad Air 2 tablet, which includes a Qualcomm WTR1625 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Apple infringe the '817 Patent.

## Qualcomm Infringes the '817 Patent

26.     Qualcomm makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '817 Patent. Such devices provided by Qualcomm are radio frequency ("RF") receivers, transceivers, and other semiconductors that enable wireless technology.  Qualcomm provides these RF chips to other entities, including the other named Defendants in this Complaint, and then are incorporated into end user products.

27.     On information and belief, Qualcomm infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 7, 11, and 14 of the '817 Patent due to Qualcomm making, using, selling, offering to sell, and/or importing into the United States RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a

higher frequency signal into a lower frequency signal in the same way as claimed by the '817 Patent.

28.     Attached to the Complaint as Exhibit 8 is an exemplary claim chart comparing claim 1 of the '817 Patent to the Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 9 is an exemplary claim chart comparing claim 1 of the '817 Patent to the Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Qualcomm infringe the '817 Patent.

29.     Qualcomm has had actual knowledge of or was willfully blind to the '817 patent since the '817 Patent issued. As made public in the prior litigation between the parties, Qualcomm had actual knowledge of several ParkerVision patents, including patents covering down-conversion technology, and at least remained willfully blind to the existence of the '817 Patent. At the latest, Qualcomm received notice of the '817 Patent as of the date this action was filed.

30.     Qualcomm has known about the '817 Patent, as set forth above. Moreover, Qualcomm lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Qualcomm's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action

**Samsung Infringes the '817 Patent**

31.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents,

one or more of the claims of the '817 Patent. Such devices provided by Samsung are radio frequency ("RF") receivers, transceivers, and other semiconductors that enable wireless technology, and the products that include these semiconductors.

32.     On information and belief, Samsung infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 7, 11, and 14 of the '817 Patent due to Samsung making, using, selling, offering to sell, and/or importing into the United States RF receivers, transmitter, and transceivers such as the Shannon 928, and smartphones and tablets such as the Galaxy S5 smartphone, Galaxy S6 CDMA smartphone, and Galaxy S6 GSM smartphone ("Samsung Products").   Included in the Galaxy S5 smartphone and Galaxy S6 CDMA smartphone exemplary Samsung Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '817 Patent. Included in the Galaxy S6 GSM smartphone exemplary Samsung Product is a Samsung Shannon 928 transceiver which is capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '817 Patent.

33.     Attached to the Complaint as Exhibit 10 is an exemplary claim chart comparing claim 1 of the '817 Patent to the Galaxy S5 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 11 is an exemplary claim chart comparing claim 1 of the '817 Patent to the Galaxy S6 CDMA smartphone, which includes a Qualcomm WTR3925 transceiver, and the Galaxy S6 GSM, which includes a Samsung Shannon 928 transceiver.   These claim charts are exemplary and, on information and belief, many other products provided by Samsung infringe the '817 Patent.

**LG Infringes the '817 Patent**

34.     LG makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '817 Patent. Such devices provided by LG are radio frequency ("RF") receivers, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

35.     On information and belief, LG infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 7, 11, and 14 of the '817 Patent due to LG making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the G Flex 2 smartphone and the G3 smartphone ("LG Products"). Included in these exemplary LG Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '817 Patent.

36.     Attached to the Complaint as Exhibit 12 is an exemplary claim chart comparing claim 1 of the '817 Patent to the G3 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 13 is an exemplary claim chart comparing claim 1 of the '817 Patent to the G Flex 2 smartphone, which includes a Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by LG infringe the '817 Patent.

37.     ParkerVision is entitled to recover damages adequate to compensate ParkerVision for Defendants' infringement.

## COUNT II
## (Defendants' Infringement of the '638 Patent)

38.     ParkerVision incorporates the allegations in paragraphs 1 through 20, above.

39.     The '638 Patent is valid and enforceable.

### Apple Infringes the '638 Patent

40.     Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '638 Patent. Such devices provided by Apple are radio frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

41.     On information and belief, Apple infringes literally and/or under the doctrine of equivalents, at least claims 1, 4, 5, 6, 7, and 8 of the '638 Patent due to Apple making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the iPhone 6 smartphone, iPhone 6S smartphone, and iPad Air tablet ("Apple Products"). Included in these exemplary Apple Products are Qualcomm-provided devices such as the WTR1625 transceiver paired with the Qualcomm MDM9625M Baseband Processor or the WTR3925 transceiver paired with the Qualcomm MDM9635M Baseband Processor which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '638 Patent.

42.     Attached to the Complaint as Exhibit 14 is an exemplary claim chart comparing claim 1 of the '638 Patent to the iPhone 6 smartphone, which includes a Qualcomm WTR1625 transceiver and Qualcomm MDM9625M Baseband Processor.  Attached to the Complaint as

Exhibit 15 is an exemplary claim chart comparing claim 1 of the '638 Patent to the iPhone 6S smartphone, which includes a Qualcomm WTR3925 transceiver and Qualcomm MDM9635M Baseband Processor.  Attached to the Complaint as Exhibit 16 is an exemplary claim chart comparing claim 1 of the '638 Patent to the iPad Air 2 tablet, which includes a Qualcomm WTR1625 transceiver and Qualcomm MDM9625M Baseband Processor.  These claim charts are exemplary only, and many other products provided by Apple infringe the '638 Patent.

### Qualcomm and the '638 Patent

43.     Qualcomm makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '638 Patent. Such devices provided by Qualcomm are radio frequency ("RF") transmitters, transceivers, and other semiconductors that enable wireless technology.  Qualcomm provides these RF chips to other entities, including the other named Defendants in this Complaint, and then are incorporated into end user products.

44.     On information and belief, Qualcomm infringes literally and/or under the doctrine of equivalents, at least claims 1, 4, 5, 6, 7, and 8 of the '638 Patent due to Qualcomm making, using, selling, offering to sell, and/or importing into the United States RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '638 Patent.

45.     Qualcomm intends for others, such as OEMs, manufacturers, customers, resellers, and/or end-use customers, to directly infringe one or more claims of the '638 Patent in the United States. For example, and on information and belief, Qualcomm provides instructions, user

guides, and/or other design documentation to OEMs, manufacturers, customers, resellers, and/or end-use customers regarding the use and operation of Qualcomm's products in an infringing way. When OEMs, manufacturers, customers, resellers, and/or end-use customers follow such instructions, user guides, and/or other design documentation, they directly infringe one or more claims of the '638 Patent. Qualcomm knows that by providing such instructions, user guides, and/or other design documentation, OEMs, manufacturers, customers, resellers, and end-use customers follow those instructions, user guides, and other design documentation, and directly infringe one or more claims of the '638 Patent. Qualcomm thus knows that its actions actively induce infringement. Qualcomm performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge or willful blindness of the '638 Patent, and with knowledge or willful blindness that the induced acts would constitute infringement.

46.     Qualcomm has had actual knowledge of or was willfully blind to the '638 Patent since the '638 Patent issued. As made public in the prior litigation between the parties, Qualcomm had actual knowledge of several ParkerVision patents, and at least remained willfully blind to the existence of the '638 Patent. At the latest, Qualcomm received notice of the '638 Patent as of December 14, 2015, when they were served with the letter attached to this Amended Complaint as Exhibit 39.

47.     Qualcomm has known about the '638 Patent, as set forth above. Moreover, Qualcomm lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Qualcomm's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

48.     A reasonable inference to be drawn from the facts set forth is that the ability to up-convert a lower-frequency signal to a higher-frequency signal is not a staple article or commodity of commerce and that its use is required for operation of the infringing products. Any other use would be unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental.

49.     Qualcomm's infringing products, with the ability to up-convert a lower-frequency signal to a higher-frequency signal, are each a material part of the invention of the '638 Patent and are especially made for the infringing manufacturing, offering for sale, sales, and use of the infringing products. Qualcomm's infringing products are especially made or adapted to infringe one or more claims of the '638 Patent. Because the manufacturing, offering for sale, sales, and use of the infringing products infringe one or more claims of the '638 Patent, Qualcomm's sales of its infringing products have no substantial non-infringing uses.

50.     Qualcomm's infringement of the '638 Patent by the incorporation of Qualcomm's WTR1625 and WTR3925 transceivers into end user products is demonstrated in Exhibits 14-20, These claim charts are exemplary only, and, on information and belief, many other products provided by Qualcomm infringe the '638 Patent.

**Samsung Infringes the '638 Patent**

51.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '638 Patent. Such devices provided by Samsung are radio

frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

52.     On information and belief, Samsung infringes literally and/or under the doctrine of equivalents, at least claims 1, 4, 5, 6, 7, and 8 of the '638 Patent due to Samsung making, using, selling, offering to sell, and/or importing into the United States RF transmitters and transceivers such as the Shannon 928, and smartphones and tablets such as the Galaxy S5 smartphone, Galaxy S6 CDMA smartphone, and Galaxy S6 GSM smartphone ("Samsung Products").   Included in the Galaxy S5 smartphone and Galaxy S6 CDMA smartphone exemplary Samsung Products are Qualcomm-provided RF devices such as the WTR1625 transceiver paired with the Qualcomm 8974 Baseband Processor or the WTR3925 transceiver paired with the Qualcomm MSM9635M Baseband Processor which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '638 Patent.  Included in the Galaxy S6 GSM smartphone exemplary Samsung Product is a Samsung Shannon 928 transceiver paired with a Samsung Shannon X33 Baseband Processor which is capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '638 Patent.

53.     Attached to the Complaint as Exhibit 17 is an exemplary claim chart comparing claim 1 of the '638 Patent to the Galaxy S5 smartphone, which includes a Qualcomm WTR1625 transceiver and Qualcomm 8974 Baseband Processor.  Attached to the Complaint as Exhibit 18 is an exemplary claim chart comparing claim 1 of the '638 Patent to the Galaxy S6 CDMA smartphone, which includes a Qualcomm WTR3925 transceiver and Qualcomm MSM9635M Baseband Processor, and the Galaxy S6 GSM smartphone, which includes a Samsung Shannon 928 transceiver and Samsung Shannon X33 Baseband Processor.   These claim charts are

exemplary and, on information and belief, many other products provided by Samsung infringe the '638 Patent.

## LG Infringes the '638 Patent

54.     LG makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '638 Patent. Such devices provided by LG are radio frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

55.     On information and belief, LG infringes literally and/or under the doctrine of equivalents, at least claims 1, 4, 5, 6, 7, and 8 of the '638 Patent due to LG making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the G Flex 2 smartphone and the G3 smartphone ("LG Products").  Included in these exemplary LG Products are Qualcomm-provided RF devices such as the WTR1625 transceiver paired with the Qualcomm MSM8975 Baseband Processor or the WTR3925 transceiver paired with the Qualcomm MSM8994 Baseband Processor which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '638 Patent.

56.     Attached to the Complaint as Exhibit 19 is an exemplary claim chart comparing claim 1 of the '638 Patent to the G3 smartphone, which includes a Qualcomm WTR1625 transceiver and Qualcomm MSM8975 Baseband Processor.  Attached to the Complaint as Exhibit 20 is an exemplary claim chart comparing claim 1 of the '638 Patent to the G Flex 2 smartphone, which includes a Qualcomm WTR3925 transceiver and Qualcomm MSM8994

Baseband Processor.  These claim charts are exemplary and, on information and belief, many other products provided by LG infringe the '638 Patent.

57.     ParkerVision is entitled to recover damages adequate to compensate ParkerVision for Defendants' infringement.

## COUNT III
## (Defendants' Infringement of the '135 Patent)

58.     ParkerVision incorporates the allegations in paragraphs 1 through 20, above.

59.     The '135 Patent is valid and enforceable.

## Apple Infringes the '135 Patent

60.     Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '135 Patent. Such devices provided by Apple are radio frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

61.     On information and belief, Apple infringes literally and/or under the doctrine of equivalents, at least claims 22 and 24 of the '135 Patent due to Apple making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the iPhone 6 smartphone, iPhone 6S smartphone, and iPad Air tablet ("Apple Products").  Included in these exemplary Apple Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '135 Patent.

62.     Attached to the Complaint as Exhibit 21 is an exemplary claim chart comparing claim 22 of the '135 Patent to the iPhone 6 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 22 is an exemplary claim chart comparing claim 22 of the '135 Patent to the iPhone 6S smartphone, which includes a Qualcomm WTR3925 transceiver.  Attached to the Complaint as Exhibit 23 is an exemplary claim chart comparing claim 22 of the '135 Patent to the iPad Air 2 tablet, which includes a Qualcomm WTR1625 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Apple infringe the '135 Patent.

**Qualcomm Infringes the '135 Patent**

63.     Qualcomm makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '135 Patent. Such devices provided by Qualcomm are radio frequency ("RF") transmitters, transceivers, and other semiconductors that enable wireless technology.  Qualcomm provides these RF chips to other entities, including the other named Defendants in this Complaint, and then are incorporated into end user products.

64.     On information and belief, Qualcomm infringes literally and/or under the doctrine of equivalents, at least claims 22 and 24 of the '135 Patent due to Qualcomm making, using, selling, offering to sell, and/or importing into the United States RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '135 Patent.

65.     Attached to the Complaint as Exhibit 24 is an exemplary claim chart comparing claim 22 of the '135 Patent to the Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 25 is an exemplary claim chart comparing claim 22 of the '135 Patent to the Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Qualcomm infringe the '135 Patent.

66.     Qualcomm has had actual knowledge of or was willfully blind to the '135 Patent since the '135 Patent issued. As made public in the prior litigation between the parties, Qualcomm had actual knowledge of several ParkerVision patents, and at least remained willfully blind to the existence of the '135 Patent. At the latest, Qualcomm received notice of the '135 Patent as of the date this action was filed.

67.     Qualcomm has known about the '135 Patent, as set forth above. Moreover, Qualcomm lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Qualcomm's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

### Samsung Infringes the '135 Patent

68.     Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '135 Patent. Such devices provided by Samsung are radio frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

69.     On information and belief, Samsung infringes literally and/or under the doctrine of equivalents, at least claims 22 and 24 of the '135 Patent due to Samsung making, using, selling, offering to sell, and/or importing into the United States RF transmitters and transceivers such as the Shannon 928, and smartphones and tablets such as the Galaxy S5 smartphone, Galaxy S6 CDMA smartphone, and Galaxy S6 GSM smartphone ("Samsung Products"). Included in the Galaxy S5 smartphone and Galaxy S6 CDMA smartphone exemplary Samsung Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '135 Patent.  Included in the Galaxy S6 GSM smartphone exemplary Samsung Product is a Samsung Shannon 928 transceiver which is capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '135 Patent.

70.     Attached to the Complaint as Exhibit 26 is an exemplary claim chart comparing claim 22 of the '135 Patent to the Galaxy S5 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 27 is an exemplary claim chart comparing claim 22 of the '135 Patent to the Galaxy S6 CDMA smartphone, which includes a Qualcomm WTR3925 transceiver, and the Galaxy S6 GSM smartphone, which includes a Samsung Shannon 928 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Samsung infringe the '135 Patent.

**LG Infringes the '135 Patent**

71.     LG makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that

make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '135 Patent. Such devices provided by LG are radio frequency ("RF") transmitters, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

72.     On information and belief, LG infringes literally and/or under the doctrine of equivalents, at least claims 22 and 24 of the '135 Patent due to LG making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the G Flex 2 smartphone and the G3 smartphone ("LG Products").  Included in these exemplary LG Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of up-converting a lower frequency signal into a higher frequency signal in the same way as claimed by the '135 Patent.

73.     Attached to the Complaint as Exhibit 28 is an exemplary claim chart comparing claim 22 of the '135 Patent to the G3 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 29 is an exemplary claim chart comparing claim 22 of the '135 Patent to the G Flex 2 smartphone, which includes a Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by LG infringe the '135 Patent.

74.     ParkerVision is entitled to recover damages adequate to compensate ParkerVision for Defendants' infringement.

## COUNT IV
## (Defendants' Infringement of the '528 Patent)

75.     ParkerVision incorporates the allegations in paragraphs 1 through 20, above.

76.     The '528 Patent is valid and enforceable.

**Apple Infringes the '528 Patent**

77.     Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by Apple are radio frequency ("RF") receivers, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

78.     On information and belief, Apple infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 8, 9, 10, 17, 18, 19, 23, 24, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to Apple making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the iPhone 6 smartphone, iPhone 6S smartphone, and iPad Air tablet ("Apple Products").  Included in these exemplary Apple Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

79.     Attached to the Complaint as Exhibit 30 is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPhone 6 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 31 is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPhone 6S smartphone, which includes a Qualcomm WTR3925 transceiver.  Attached to the Complaint as Exhibit 32 is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPad Air 2 tablet, which includes a Qualcomm WTR1625 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Apple infringe the '528 Patent.

**Qualcomm Infringes the '528 Patent**

80.     Qualcomm makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by Qualcomm are radio frequency ("RF") receivers, transceivers, and other semiconductors that enable wireless technology.  Qualcomm provides these RF chips to other entities, including the other named Defendants in this Complaint, and then are incorporated into end user products.

81.     On information and belief, Qualcomm infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 8, 9, 10, 17, 18, 19, 23, 24, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to Qualcomm making, using, selling, offering to sell, and/or importing into the United States RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

82.     Attached to the Complaint as Exhibit 33 is an exemplary claim chart comparing claim 1 of the '528 Patent to the Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 34 is an exemplary claim chart comparing claim 1 of the '528 Patent to the Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by Qualcomm infringe the '528 Patent.

83.     Qualcomm has had actual knowledge of or was willfully blind to the '528 Patent since the '528 Patent issued. As made public in the prior litigation between the parties, Qualcomm had actual knowledge of several ParkerVision patents, including patents covering down-conversion technology, and at least remained willfully blind to the existence of the '528

Patent. At the latest, Qualcomm received notice of the '528 Patent as of the date this action was filed.

84.    Qualcomm has known about the '528 Patent, as set forth above. Moreover, Qualcomm lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Qualcomm's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

### Samsung Infringes the '528 Patent

85.    Samsung makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by Samsung are radio frequency ("RF") receivers, transceivers, and other semiconductors that enable wireless technology, and the products that include these semiconductors.

86.    On information and belief, Samsung infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 8, 9, 10, 17, 18, 19, 23, 24, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to Samsung making, using, selling, offering to sell, and/or importing into the United States RF receivers, transmitter, and transceivers such as the Shannon 928, and smartphones and tablets such as the Galaxy S5 smartphone, Galaxy S6 CDMA smartphone, and Galaxy S6 GSM smartphone ("Samsung Products").  Included in the Galaxy S5 smartphone and Galaxy S6 CDMA smartphone exemplary Samsung Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of

down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent. Included in the Galaxy S6 GSM smartphone exemplary Samsung Product is a Samsung Shannon 928 transceiver which is capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

87.     Attached to the Complaint as Exhibit 35 is an exemplary claim chart comparing claim 1 of the '528 Patent to the Galaxy S5 smartphone, which includes a Qualcomm WTR1625 transceiver. Attached to the Complaint as Exhibit 36 is an exemplary claim chart comparing claim 1 of the '528 Patent to the Galaxy S6 CDMA smartphone, which includes a Qualcomm WTR3925 transceiver, and the Galaxy S6 GSM, which includes a Samsung Shannon 928 transceiver. These claim charts are exemplary and, on information and belief, many other products provided by Samsung infringe the '528 Patent.

## LG Infringes the '528 Patent

88.     LG makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by LG are radio frequency ("RF") receivers, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

89.     On information and belief, LG infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 6, 8, 9, 10, 17, 18, 19, 23, 24, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to LG making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the G Flex 2 smartphone and the G3 smartphone

("LG Products").  Included in these exemplary LG Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

90.     Attached to the Complaint as Exhibit 37 is an exemplary claim chart comparing claim 1 of the '528 Patent to the G3 smartphone, which includes a Qualcomm WTR1625 transceiver.  Attached to the Complaint as Exhibit 38 is an exemplary claim chart comparing claim 1 of the '528 Patent to the G Flex 2 smartphone, which includes a Qualcomm WTR3925 transceiver.  These claim charts are exemplary and, on information and belief, many other products provided by LG infringe the '528 Patent.

91.     ParkerVision is entitled to recover damages adequate to compensate ParkerVision for Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, ParkerVision respectfully requests a judgment:

A.      that the '817 Patent, the '638 Patent, the '135 Patent, and the '528 Patent are valid and enforceable.

B.      that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of the '817 Patent, the '638 Patent, the '135 Patent, and the '528 Patent;

C.      that awards ParkerVision all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including interest, costs, and disbursements as

justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate ParkerVision for Defendants' infringement, and an accounting;

D.      declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that ParkerVision be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

E.      for costs, and expenses that ParkerVision incurs in prosecuting this action; and

F.      such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ParkerVision hereby demands trial by jury on all claims and issues so triable.

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO PC
Michael T. Renaud
James M. Wodarski
Michael J. McNamara
Daniel B. Weinger
Kristina R. Cary
Boston, MA 02111
Tel: (617) 542-6000
Facsimile: (617) 542-2241
MTRenaud@mintz.com
MMcNamara@mintz.com
DBWeinger@mintz.com
KRCary@mintz.com

SMITH HULSEY & BUSEY


By   */s/ James A. Bolling*
        Stephen D. Busey
        James A. Bolling

Florida Bar Number 117790
Florida Bar Number 901253
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jbolling@smithhulsey.com

Attorneys for ParkerVision, Inc.

## Certificate of Service

I certify that on December 16, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that the foregoing document will be served with process on the defendants.

_____/s/ *James A. Bolling*_____
Attorney
