UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PARKERVISION, INC.,

    Plaintiff,

vs.                                              Case No. 3:15-cv-1477-J-39JRK

APPLE, INC., et al.,

    Defendant.

## ORDER

**THIS CAUSE** is before the Court on Defendants' Unopposed Motion to Stay Pursuant to U.S.C. § 1659, filed on February 9, 2016. (Doc. 40; Motion). In the Motion, Defendants Qualcomm Incorporated, Apple, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics MobileComm U.S.A., Inc. (collectively "Defendants") request that the Court stay this patent case pursuant to 28 U.S.C. § 1659. Motion at 1.[1] Defendants state that

---

[1] 28 U.S.C. § 1659 provides in part:

> **(a) Stay**. - In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within -
>
>     **(1)** 30 days after the party is named as a respondent in the proceeding before the Commission, . . . .

28 U.S.C.A. § 1659.

at the request of Plaintiff, Parkervision, Inc. ("Parkervision"), the U.S. International Trade Commission ("ITC") on January 15, 2016, instituted an investigation against Defendants under Section 337 of Tariff Act of 1930, and issued a Notice of Institution of Investigation, <u>Re Certain RF Capable Integrated Circuits and Products Containing the Same</u>, Investigation No. 337-TA-982 ("ITC Proceeding"). Motion at 2. Defendants state that pursuant to 19 C.F.R. § 210.10(b), the ITC investigation was instituted by publication of the Notice of Institution in the Federal Register on January 21, 2016. <u>Id.</u>; (<u>see</u> Doc. 40-1 at 2). Defendants represent that they are respondents in the ITC Proceeding, and that the ITC Proceeding involves the same patents which are in suit in the instant case.[2] Motion at 2-3. Defendants state that Plaintiff does not oppose the relief requested in the Motion. <u>Id.</u> at 3; (<u>see also</u> Doc. 40 at 6).

The Court concludes that Defendants have met the statutory requirements for a stay, pursuant to 28 U.S.C. § 1659(a).[3] Accordingly, it is hereby

**ORDERED**:

1.   Defendants' Unopposed Motion to Stay Pursuant to U.S.C. § 1659 (Doc. 40) is **GRANTED**, pursuant to 28 U.S.C. § 1659.

2.   This entire action is **STAYED** pending a final determination of the U.S.

---

[2] Defendants state that, "ParkerVision has withdrawn its allegation against Samsung Telecommunications America, LLC in the ITC Proceeding." Motion at 3.

[3] In the event Plaintiff's action against Samsung Telecommunications America, LLC is not reached by the mandatory stay requirement found in 28 U.S.C. § 1659, the Court exercises its discretionary power and likewise stays Plaintiff's action against Samsung Telecommunications America, LLC. See <u>Zenith Elecs. LLC v. Sony Corp.</u>, No. C 11-02439 WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011) ("Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." (citing H.R. Rep. No. 103-826(I), at 141 (stating that after granting mandatory stay under Section 1659(a), "[t]he district court may use its discretionary authority to stay any other claims in the action before it."))).

International Trade Commission ("ITC") in the proceeding <u>Re Certain RF Capable Integrated Circuits and Products Containing the Same</u>, Investigation No. 337-TA-982.

3. The case is now stayed until further order of the Court, and the Clerk of Court is directed to administratively close the file, pending a motion to reopen filed by any party. Further, the Clerk of Court is directed to terminate all pending motions without prejudice to refiling if necessary.

4. Defendants shall provide the Court with a status report, including a request to reopen the case, within fourteen (14) days of the ITC's final determination in <u>Re Certain RF Capable Integrated Circuits and Products Containing the Same</u>, Investigation No. 337-TA-982.

**DONE AND ORDERED** in Jacksonville, Florida, this 12th day of February, 2016.

_____
BRIAN J. DAVIS
United States District Judge

jl

Copies furnished to:

Counsel of Record

3