**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PARKERVISION, INC.,

                Plaintiff,

vs.                                    Case No.  3:15-cv-1477-J-39JRK

APPLE INC. and QUALCOMM,
INCORPORATED,

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

### I.  Status

      This cause is before the Court on two motions that were referred to the undersigned on November 7, 2017 by the Honorable Brian J. Davis, United States District Judge, for the issuance of a report and recommendation regarding an appropriate resolution.  See Order (Doc. No. 79), entered November 7, 2017.  Each motion, together with its related filings, is set forth in a separate numbered paragraph below.

      1.      Defendant Apple's ("Apple('s)") Motion to Dismiss for Improper Venue (Doc. No. 58; "Apple's Motion"), filed July 27, 2017.  Attached to Apple's Motion is a Declaration of

---

[1]      "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

Michael Jaynes (Doc. No. 58-1; "Jaynes Declaration").[2]   Plaintiff ParkerVision, Inc. ("ParkerVision") responded in opposition to Apple's Motion on August 14, 2017.  See ParkerVision's Opposition to Apple's Motion (Doc. No. 64; "Response to Apple's Motion"). Attached collectively as Exhibit A to the Response to Apple's Motion are various printouts of unpublished court opinions that it cites.

      2.     Defendant Qualcomm Incorporated's ("Qualcomm('s)") Motion to Transfer to the Southern District of California (Doc. No. 60; "Qualcomm's Motion"), filed July 27, 2017. Attached to Qualcomm's Motion is a Declaration of Matthew Brigham in Support of Qualcomm's Motion (Doc. No. 60-1; "Brigham Declaration),[3] that itself contains various attachments (Doc. Nos. 60-2 through 60-4) and a Declaration of Matthew R. Dobbins in Support of Qualcomm's Motion (Doc. No. 60-5; "Dobbins Declaration").[4]   ParkerVision responded in opposition to Qualcomm's Motion on August 14, 2017.  See ParkerVision's Opposition to Qualcomm's Motion (Doc. No. 65; "Response to Qualcomm's Motion"). Attached as Exhibit A to the Response to Qualcomm's Motion is a Declaration of Jeffrey L. Parker in Support of the Response to Qualcomm's Motion (Doc. No. 65-1; "Parker Declaration")[5] and attached as collective Exhibit B are various printouts of unpublished court opinions cited in the Response.  With leave of Court, see Endorsed Orders (Doc. Nos. 69,

---

[2]     Mr. Jaynes is the Finance Manager at Apple, and he has been employed there since January 2015.  See Jaynes Decl. at 1 ¶ 1.

[3]     Mr. Brigham is counsel of record for Qualcomm.  See Brigham Decl. at 1 ¶ 1.

[4]     Mr. Dobbins is Senior Legal Counsel at Qualcomm.  See Dobbins Decl. at 1 ¶ 1.

[5]     Mr. Parker is the Chairman and Chief Executive Officer of ParkerVision.  See Parker Decl. at 1 ¶ 1.

72), Qualcomm replied and ParkerVision sur-replied, <u>see</u> Qualcomm's Reply in Support of its Motion (Doc. No. 70; "Reply"), filed September 15, 2017; ParkerVision's Sur-Reply to Qualcomm's Motion (Doc. No. 73; "Sur-Reply"), filed October 9, 2017.   Thereafter, on November 17, 2017, Qualcomm filed a Notice of Supplemental Authority (Doc. No. 82).

## II.  Procedural Background

ParkerVision initiated this action on December 14, 2015 by filing a Complaint against multiple Defendants, <u>see</u> Compl. (Doc. No. 1), which was subsequently amended, <u>see</u> Am. Compl. (Doc. No. 3), on December 16, 2015.   ParkerVision alleges in the Amended Complaint that the moving Defendants (Apple and Qualcomm); as well as Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, Samsung Semiconductor, Inc., (collectively, "Samsung Defendants"); and LG Electronics, Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG Defendants"), infringed four different patents (count I (the '817 Patent), count II (the '638 Patent), count III (the '135 Patent), and count IV (the '528 Patent), respectively).

As explained in more detail below, only Apple and Qualcomm remain as Defendants. With respect to these Defendants, the Amended Complaint alleges that "Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014" and that "Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121."  Am. Compl. at 2 ¶¶ 2-3.  According to the Amended Complaint, "[p]ersonal jurisdiction exists generally over [Apple and Qualcomm] because [they both have] sufficient minimum contacts with the forum as a result of business

conducted within the State of Florida and the Middle District of Florida.  Personal jurisdiction also exists specifically over [Apple and Qualcomm] because [they], directly or through subsidiaries or intermediaries, make[], use[], offer[] for sale, sell[], import[], advertise[], make[] available and/or market[] products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit[.]" Id. at 4-5 ¶¶ 15-16.

The Amended Complaint also alleges that "[v]enue in this District is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District."  Am. Compl. at 5 ¶ 19.  Further, according to the Amended Complaint, "Defendants make, use, and/or sell infringing products within this District, have continuing presence within the District, and have the requisite minimum contacts with the District such that this venue is a fair and reasonable one."  Id. at 5-6 ¶ 19.  Finally, the Amended Complaint alleges with respect to venue that "[u]pon information and belief, Defendants have transacted and, at the time of the filing of th[e Amended] Complaint, are continuing to transact business within the District."  Id. at 6 ¶ 19.

On January 13, 2016, Qualcomm filed an Answer and Counterclaims (Doc. No. 19; "Qualcomm's Answer").   There are eight counterclaims: four for declarations of noninfringement of the four patents that ParkerVision has accused Qualcomm of infringing; and four for declarations of invalidity of those patents.  See Qualcomm's Answer at 30-34. Regarding venue, Qualcomm's Answer states that Qualcomm "denies the allegations contained in paragraph 19 of the Complaint [regarding venue] but, for purposes of this

litigation only, [Qualcomm] does not assert improper venue as a defense to this action." Id. at 4 ¶ 19.   Regarding venue for the counterclaims, Qualcomm relies on the following statement: "[t]his Court has jurisdiction and venue over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 1391, 1400(b) [(the patent venue statute)], 1651, 2201 and 2202."   Qualcomm's Answer at 14 ¶ 3.

On February 12, 2016, upon Defendants' unopposed motion (Doc. No. 40), the Court entered an Order staying the case pursuant to 28 U.S.C. § 1659 "pending a final determination of the U.S. International Trade Commission ('ITC') in the proceeding Re Certain RF Capable Integrated Circuits and Products Containing the Same, Investigation No. 337-TA-982."[6]   Order (Doc. No. 41), entered February 12, 2016, at 2-3.   Thereafter, on August 10, 2016, pursuant to a stipulation filed by ParkerVision and the Samsung Defendants (Doc. No. 42), the Court entered an Order dismissing without prejudice all claims and counterclaims as to the Samsung Defendants only (Doc. No. 43).

On May 26, 2017, upon the parties' agreement, the Court entered an Order (Doc. No. 50) reopening the case and placing it on the Court's active docket given that the ITC investigation had been terminated.   Then, on July 31, 2017, pursuant to a stipulation filed by ParkerVision and the LG Defendants (Doc. No. 56), the Court entered an Order dismissing without prejudice all claims as to the LG Defendants (Doc. No. 63).

Only Apple and Qualcomm remain as Defendants, and they filed the instant Motions and related documents after the reopening of the case.   In addition, ParkerVision has notified

---

[6]   Apple had not responded to the Amended Complaint when the stay was granted; its deadline to respond had been extended until February 29, 2016.   See Order (Doc. No. 25), entered January 14, 2016.

Apple and Qualcomm that it "will be dropping three of the patents in-suit, and only pursuing claims [regarding] the '528 Patent."  Case Management Report (Doc. No. 54), filed July 6, 2017, at 1. The Motions are ripe for consideration.

### III.  Discussion

Apple moves to dismiss pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure ("Rule(s)").  Apple's Motion at 1.  That Rule provides that a party may assert the defense of "improper venue" by motion.  Fed. R. Civ. P. 12(b)(3).  By contrast, Qualcomm moves "to transfer this case to the Southern District of California" pursuant to 28 U.S.C. § 1406(a). Qualcomm's Motion at 1.  Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  In moving for dismissal and transfer, both Apple and Qualcomm contend that venue is not proper here under the patent venue statute, 28 U.S.C. § 1400(b).

Alternatively, Qualcomm moves to transfer the case to the Southern District of California under the permissive transfer statute, 28 U.S.C. §1404(a).  Qualcomm's Motion at 1.  Apple does not move for this relief but makes clear that it "does not oppose defendant Qualcomm's motion to transfer venue under 28 U.S.C. § 1404."  Apple's Motion at 2; see id. at 15.  Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

As Apple and Qualcomm's challenges to this Court's venue pursuant to the patent venue statute overlap significantly, these challenges are addressed together first.  Following that discussion, Qualcomm's alternative request for permissive transfer pursuant to Section 1404(a) is addressed.

**A.    Venue Pursuant to 28 U.S.C. §1400(b)**

The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  "Section 1400(b) is unique to patent law, and 'constitutes the exclusive provision controlling venue in patent infringement proceedings.'"  In re Cray, Inc., 871 F.3d 1355, 1360 (Fed. Cir. 2017) (internal alteration omitted) (quoting TC Heartland LLC v. Kraft Foods Grp. Brands LLC, — U.S. —, 137 S. Ct. 1514, 1518 (2017)).  As a result, "Federal Circuit law, rather than regional circuit law, governs [an] analysis of what § 1400(b) requires."  Id.

Preliminarily, the undersigned notes that "[c]ourts are not uniform in their views as to which party bears the burden of proof with respect to venue," Bristol-Myers Squibb Co. v. Mylan Pharm. Inc., No. 17-379-LPS, 2017 WL 3980155, at *3 (D. Del. Sept. 11, 2017) (unpublished), especially when it relates to the question of venue pursuant to Section 1400(b), see, e.g., Personal Audio, LLC v. Google, Inc., — F. Supp. —, 2017 WL 5988868, at *3-5 (E.D. Tex. Dec. 1, 2017);  Javelin Pharm., Inc. v. Mylan Lab. Ltd., No. 16-224-LPS, 2017 WL 5953296, at *2 (D. Del. Dec. 1, 2017) (unpublished) (citing Bristol-Myers Squibb, 2017 WL 3980155, at *5).  Apple and Qualcomm contend the burden is on ParkerVision.

See Apple's Motion at 5 (citing Steinberg v. Luedtke Trucking, Inc., No. 2:16-cv-452-FtM-99MRM, 2016 WL 5719333, at *1 (M.D. Fla. Sept. 30, 2016) (unpublished) (finding generally when venue is contested under Rule 12(b)(3), the plaintiff bears the burden of proof)); Qualcomm's Motion at 2 (citing Palmer v. Dau, No. 6:10-cv-248-Orl-19KRS, 2010 WL 2740075, at *1 (M.D. Fla. July 12, 2010) (unpublished) (finding same) (citations omitted)). ParkerVision does not specifically address burden of proof in its briefing, but makes the statement that "Apple does not meet its burden of showing it does not have a 'regular and established place of business' in this District."  Response to Apple's Motion at 4 (citing Prowire LLC v. Apple, Inc., No. 17-223, 2017 WL 3444689, at *6 (D. Del. Aug. 9, 2017) (unpublished)).

In Personal Audio, the burden of proof conundrum was discussed at length, specifically as it relates to Section 1400(b).  2017 WL 5988868, at *3-5.  The court determined that Federal Circuit law governs the burden of proof.  Id. at *3.  Finding no recent Federal Circuit decisions explicitly stating who bears the burden, however, the Personal Audio court observed that "[t]he consistent assignment of burden of proof to the plaintiff in § 1400(b) cases decided by Circuit and district courts before the creation of the Federal Circuit and before the Federal Circuit's opinion in VE Holding[7] carries greater weight than broad pronouncements on general venue concepts or other venue statutes." Id. at *6. Thus, the Personal Audio court concluded that the burden is on the plaintiff when venue is contested relating to Section 1400(b).  Id.

---

[7]     VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574 (Fed. Cir. 1990).

Others, however, have concluded that the burden of proof regarding a venue challenge, even one made pursuant to Section 1400(b), should be treated as procedural, rather than substantive, and therefore is governed by regional circuit precedent. See, e.g., Bristol-Myers Squibb, 2017 WL 3980155, at *5 (relying on Third Circuit precedent and holding that the burden is on the party opposing venue) (citations omitted); Precision Fabrics Group, Inc. v. Tietex Int'l, Ltd., Nos. 1:13-cv-645, 1:14-cv-650, 2017 WL 5176355, at *10 (M.D.N.C. Nov. 7, 2017) (unpublished) (stating that "the burden of proof for a motion for improper venue [as it relates to Section 1400(b)] is a procedural matter governed by Fourth Circuit law" and concluding the burden is on the plaintiff) (citing Boston Sci. Corp. v. Cook Group Inc., — F. Supp. 3d —, No. 15-980-LPS-CJB, 2017 WL 3996110, at *4 (D. Del. Sept. 11, 2017) (applying Third Circuit precedent and concluding the burden is on the defendant); ATI Indus. Auto., Inc. v. Applied Robotics, Inc., No.1:09CV471, 2013 WL 1149174, at *7 (M.D.N.C. Mar. 19, 2013) (unpublished) (finding the burden lies with the plaintiff)); Intellectual Ventures II LLC v. FedEx Corp., No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *5 (E.D. Tex. Nov. 22, 2017) (finding that "[i]n the absence of clear guidance from either the Federal or Fifth Circuits, the Court concludes that the defendant should bear the burden to explain why its venue privilege is jeopardized in a particular case, which also seems to be the majority view of courts in this circuit") (citations omitted); Prowire, 2017 WL 3444689, at *6 n.38 (following Third Circuit precedent and concluding the burden of proof is on the defendant[8]). Courts within the Eleventh Circuit often place the burden of proof on the plaintiff when venue is contested

---

[8] This is the case upon which ParkerVision relies in contending "Apple does not meet its burden of" proof. Response to Apple's Motion at 4 (citation omitted)

generally pursuant to Rule 12(b)(3).  See, e.g., Whitwam v. JetCard Plus, Inc., 34 F. Supp. 3d 1257, 1259 (S.D. Fla. 2014) (citation omitted); Steinberg, 2016 WL 5719333, at *1; Palmer, 2010 WL 2740075, at *1.

Thus, whether accepting the reasoning of Personal Audio or those courts that follow regional circuit precedent, here, ParkerVision bears the burden of proof regarding the Section 1400(b) venue challenges.  Notwithstanding the allocation of the burden of proof to ParkerVision, especially as it relates to Apple's Motion (for dismissal under Rule 12(b)(3)), the Court "must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff." Steinberg, 2016 WL 5719333, at *1 (citation omitted).  While the Court is permitted to "consider matters outside the pleadings such as affidavit testimony" in resolving the issues, "the Court accepts all allegations of the complaint as true, unless contradicted by the defendant's evidence, and draws all reasonable inferences and resolves all factual conflicts in favor of the plaintiff." Id. (internal citations and quotations omitted).

### 1.  Residing in the Judicial District

As to the first way to establish venue under this statute—the requirement that the defendant reside in the judicial district—both Apple and Qualcomm rely on TC Heartland in contending this requirement is not met.  In TC Heartland, the United States Supreme Court held that for purposes of Section 1400(b), "a domestic corporation 'resides' only in its State of incorporation."  137 S. Ct. at 1517; see id. at 1521.  TC Heartland overturned the long-standing precedent of the United States Court of Appeals for the Federal Circuit that "the first test for venue under § 1400(b) . . . is whether the defendant was subject to personal

jurisdiction in the district of suit at the time the action was commenced." <u>VE Holding Corp.</u>, 917 F.2d at 1584 (citations omitted).  Prior to the <u>TC Heartland</u> decision, "venue in patent infringement cases ha[d] largely turned on whether a defendant 'resides' in the district in question," but "[f]ollowing . . . <u>TC Heartland</u>, litigants and courts are raising with increased frequency the question of where a defendant has a 'regular and established place of business.'" <u>In re Cray</u>, 871 F.3d at 1359 (citations omitted).

Here, according to Apple and Qualcomm, because they are not incorporated in Florida, they do not reside in this judicial district.  Apple's Motion at 8-9 (citing, e.g., Jaynes Decl. at 1 ¶ 3 (stating that Apple is a California corporation)); Qualcomm's Motion at 3 (citing Dobbins Decl. at 1 ¶ 2 (stating that Qualcomm is a Delaware corporation with its headquarters and principal place of business in San Diego)).  The undersigned agrees and so finds.  <u>See</u> <u>TC Heartland</u>, 137 S. Ct. at 1517, 1521.[9]

---

[9]      A great deal of the briefing related to Qualcomm's Motion is devoted to the question of whether Qualcomm waived the opportunity to argue improper venue under Section 1400(b) because it did not assert an improper venue defense when answering the Amended Complaint.  <u>See</u> Qualcomm's Motion at 5-8; Response to Qualcomm's Motion at 4-8; Reply at 1-2; Sur-Reply at 1-3; <u>see also</u> Fed. R. Civ. P. 12(h)(1) (providing that a defense of improper venue is waived by failing to include it in a responsive pleading).  Qualcomm's Answer was filed prior to the <u>TC Heartland</u> decision.  The parties cite numerous district court opinions in which courts have struggled with the question of whether defendants should be permitted to rely on <u>TC Heartland</u> to contest venue after they have responded in opposition to a complaint without contesting it.  After the briefing concluded, the Federal Circuit answered that question in the affirmative, at least as to defendants who had filed motions to dismiss prior to <u>TC Heartland</u> without including a venue argument, and who timely pursued a venue argument after <u>TC Heartland</u> was decided.  <u>See In re Micron Tech., Inc.</u>, 875 F.3d 1091 (Fed. Cir. 2017).  (Qualcomm notified the Court of this decision by filing the Notice of Supplemental Authority.)  Here, the undersigned finds that waiver has not occurred by the filing of the answer, and in any event, the answer can be amended as Qualcomm requests, <u>see</u> Qualcomm's Motion at 5, to include waiver of venue as a defense in the wake of <u>TC Heartland</u>, <u>see, e.g.</u>, <u>In re Micron Tech., Inc.</u>, 875 F.3d at 1100; <u>Ironburg Inventions Ltd. v. Valve Corp.</u>, No. 1:15-CV-4219-TWT, 2017 WL 3307657, at *3 (N.D. Ga. Aug. 3, 2017) (unpublished) (permitting amendment of an answer to assert improper venue in the wake of <u>TC Heartland</u>).

**2.  Committing Acts of Infringement in the Judicial District and Having a Regular and Established Place of Business in the District**

The second way to establish venue under Section 1400(b) has two elements: committing acts of infringement in the judicial district <u>and</u> having a regular and established place of business in this district.  As to these elements, Apple and Qualcomm both argue they do not have a regular and established place of business in this district.  Apple's Motion at 2, 5-13; Qualcomm's Motion at 1-8.  Qualcomm further argues that it has not committed acts of infringement here.  Qualcomm's Motion at 4.

**a.  Regular and Established Place of Business**

With respect to the element of a regular and established place of business, the Federal Circuit explained just more than three months ago in <u>In re Cray</u> that there are "three general requirements relevant to the inquiry: (1) there must a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  871 F.3d at 1360.  "If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  <u>Id.</u>  "In deciding whether a defendant has a regular and established place of business in a district, no precise rule has been laid down and each case depends on its own facts."  <u>Id.</u> at 1362.  So, while these three requirements "inform whether there exist the necessary elements," they "do not supplant the statutory language."  <u>Id.</u> Indeed, the Federal Circuit "stress[es] that the analysis must be closely tied to the language of the statute."  <u>Id.</u>

As to the first requirement (a physical place), "[w]hile the 'place' need not be a 'fixed physical presence in the sense of a formal office or store,' there must still be a physical, geographical location in the district from which the business of the defendant is carried out."

Id. (quoting In re Cordis Corp., 769 F.2d 733, 737 (Fed. Cir. 1985)).  As to the second requirement (regular and established), there must be "sufficient permanence" to convince the Court that the presence is not merely temporary.  Id. at 1363 (citation omitted).  "Accordingly, while a business can certainly move its location, it must for a meaningful time period be stable, established."  Id.  Finally, as to the third requirement (the place of the defendant), "the defendant must establish or ratify the place of business."  Id. (finding that an employee working out of his or her house cannot establish or ratify the place of business "on his or her own").  "[T]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location."  Id. at 1364.  "In the final analysis, the court must identify a physical place, of business, of the defendant."  Id.

Here, because the Amended Complaint was drafted prior to TC Heartland being handed down, the allegations regarding venue are not specifically tailored to the second way to establish venue under Section 1400(b).  Nevertheless, upon consideration of the allegations and the evidence presented on this issue, the undersigned finds for the reasons below that the requirement of having a regular and established place of business in this district is met as to both Apple and Qualcomm.[10]

As to Apple, its own admissions satisfy the undersigned.  Apple admits through Mr. Jaynes, its Finance Manager, see Jaynes Decl. at 1 ¶ 1, that it has "9 retail stores and 2 non-retail leased facilities" in the Middle District of Florida, id. at 2 ¶ 8.  This certainly qualifies as

---

[10] For this reason, the undersigned recommends declining to accept Apple's invitation to dismiss based on ParkerVision's alleged "fail[ure] to assert venue under the proper test."  Apple's Motion at 8 (emphasis and capitalization omitted).

a physical location, from which business is carried out, with sufficient permanence and stability to be regular and established.  See In re Cray, 871 F.3d at 1360, 62-63; see also Prowire, 2017 WL 3444689, at *7 (when Apple argued "one retail store is not enough to establish a 'permanent and continuous presence,' disagreeing and finding that "Apple's retail store is a permanent and continuous presence where it sells the alleged infringing technology to consumers on a daily basis").  Further, there is no dispute that these stores and facilities were established or ratified by Apple (rather than someone else).  See In re Cray, 871 F.3d at 1363.

Apple argues that the statutory element of having a regular and established place of business here is not met because its "operations in this district are not a substantial part of its ordinary business" given that its presence here is small compared to its overall business. Apple's Motion at 9 (emphasis and some capitalization omitted); see Jaynes Decl. at  2 ¶¶ 10-11 (stating "less than 3.5% of Apple's approximately 270 retail stores nationwide" are located in this district, and "less than 1% of Apple's facilities nationwide" are located in this district, with those percentages being even smaller when factoring in the Apple stores and facilities around the world).  Apple further contends its operations in this district do not relate to the accused technology at issue in this lawsuit.  See Apple's Motion at 10; Jaynes Decl. at 2 ¶ 6. But, Apple's arguments in this regard rely on cases that are outdated or inapposite. See Apple's Motion at 9-13 (citations omitted).  Apple also argues that litigating here "would conflict with congressional intent."  Id. at 13 (emphasis and some capitalization omitted).  But, as the Federal Circuit just made clear in In re Cray, "the analysis must be closely tied to the language of the statute."  871 F.3d at 1362.  To accept Apple's arguments would be to read

-14-

a requirement into the statute that simply is not there, or to look beyond the text of the statute when doing so is not warranted.  Accordingly, the undersigned concludes Apple has a regular and established place of business in this district for purposes of Section 1400(b).

Whether the requirement of having a regular and established place of business in this district is met as to Qualcomm is a closer question.  Through Mr. Dobbins, Qualcomm's Senior Legal Counsel, Qualcomm admits that it had two offices in this district prior to the filing of the Complaint.  See Dobbins Decl. at 3 ¶ 8.  One was located in Ocala and the other in Orlando.  Id.  According to Qualcomm, it closed the Ocala office in 2014, and it closed the Orlando office in November 2015.  Id.  Thus, by the time of the December 14, 2015 filing of the Complaint, Qualcomm had no offices located in this district (or Florida), although its Orlando office had closed within the prior two to six weeks (the exact date of the November 2015 office closing is unclear).  See id. at 3 ¶ 6.  Then, "more than a year after the [C]omplaint was filed, Qualcomm closed on an acquisition of a joint venture it had established in early 2016 with third-party TDK Corporation."  Id. at 3 ¶ 7.  "The joint venture included an office in Maitland, Florida."  Id.  According to Mr. Dobbins, however, "[t]he Maitland office played no role in the design, development, or sales of the accused Qualcomm chips."  Id.

Qualcomm does not seriously contest that the Ocala and Orlando offices constituted regular and established places of business in the district until their closing.  This acquiescence, combined with ParkerVision's allegations with respect to venue set forth in the Amended Complaint, lead the undersigned to find that ParkerVision has met its burden of showing that, at least until their closure, the offices were physical locations, from which business was carried out, with sufficient permanence and stability to be regular and

-15-

established.  See In re Cray, 871 F.3d at 1360, 62-63; see also Am. Compl. at 5-6 ¶ 19

(alleging that "Defendants make, use, and/or sell infringing products within this District, have

continuing presence within the District, and have the requisite minimum contacts with the

District such that this venue is a fair and reasonable one," and that "[u]pon information and

belief, Defendants have transacted and, at the time of the filing of th[e Amended] Complaint,

are continuing to transact business within the District").  Further, there is no dispute that the

Ocala and Orlando offices were established or ratified by Qualcomm (rather than someone

else).  See In re Cray, 871 F.3d at 1363.

What Qualcomm does argue is that "venue must exist based on the facts at the time

of the filing" of the lawsuit; according to Qualcomm, at the exact time the lawsuit was filed,

the facts do not support that venue existed.  Qualcomm's Motion at 3 (citing, e.g., Flowers

Indus., Inc. v. F.T.C., 835 F.2d 775, 776 n.1 (11th Cir. 1987)).  In Flowers, the Eleventh

Circuit determined venue was improper, not in a patent action, but in an action in which

venue was contested under a general venue statute, 28 U.S.C. § 1391.  Flowers, 835 F.2d

at 776.  The Court found in a footnote that "although [the plaintiff] began the process of

changing its incorporation to Georgia while this case was pending, we give no weight to this

change because venue must be determined based on the facts at the time of filing."  Id. at

776 n.1.[11]

Relying mainly on Flowers, Qualcomm argues its two closed offices cannot form the

basis of venue in December 2015, and the Maitland office it acquired more than one year

---

[11]    As noted above, Eleventh Circuit decisions on this particular venue issue are not binding;
rather, Federal Circuit decisions, to the extent they exist, are binding.  See In re Cray, 871 F.3d at 1360.

after the Complaint was filed cannot either.  <u>See</u> Qualcomm's Motion at 3-4.  Responding,

ParkerVision states that the relevant timeframe to consider for purposes of the patent venue

statute is the time the action accrued, not the exact date the Complaint was filed.  <u>See</u>

Response to Qualcomm's Motion at 8-11.  In support, ParkerVision mainly relies on

<u>Raytheon Co. v. Cray, Inc.</u>, 258 F. Supp. 3d 781, 788 (E.D. Tex. 2017), mandamus granted

and order vacated, <u>In re Cray, Inc.</u>, 871 F.3d at 1367; and <u>Welch Sci. Co. v. Human Eng'g</u>

<u>Inst., Inc.</u>, 416 F.2d 32, 35 (7th Cir. 1969), cert. denied, 396 U.S. 1003 (1970).  Response

to Qualcomm's Motion at 10-11.

The district court in <u>Raytheon</u> observed that "[f]ew courts have considered the proper

time period for assessing whether a defendant has a regular and established place of

business in the district, but each one has reached the same conclusion: 'under the patent

venue statute, venue is properly lodged in the district if the defendant had a regular and

established place of business at the time the cause of action accrued and suit is filed within

a reasonable time thereafter.'"  258 F. Supp. 3d at 788 (quoting <u>Welch Sci. Co.</u>, 416 F.2d at

35) (other citations omitted).  In granting mandamus relief and vacating the order in

<u>Raytheon</u>, the Federal Circuit did not resolve this specific issue of what time period matters

for the venue analysis.  <u>See</u> <u>In re Cray</u>, 871 F.3d at 1355-67.

After the briefing of the issues in the instant case concluded, <u>Personal Audio</u> was

decided.  <u>See</u>  2017 WL 5988868, at *1.  There, the district court answered the "close

question" of when to analyze venue by looking to the actual date the Complaint was filed.

<u>Id.</u> at *6-7; <u>see also</u> <u>Omega Patents, LLC v. CalAmp Corp.</u>, No. 6:13-cv-1950-Orl-40DCI,

2017 WL 4990654, at *3 (M.D. Fla. Sept. 22, 2017) (unpublished) (denying a motion to

vacate a judgment and dismiss for lack of venue, and finding that "venue must be determined at the time the action is filed and not at some future date in the proceedings"), appeal docketed, No. 18-1309 (Fed. Cir. Dec. 19, 2017).

The court in Personal Audio relied on a strict interpretation of the patent venue statute. 2017 WL 5988868, at *6-7.  The Personal Audio court agreed that the Seventh Circuit's interpretation in Welch was "reasonable and fair," id. at *7, especially when the lawsuit in Welch was filed only thirty-seven days after the defendant "ceased [conducting] business in the district," Welch, 416 F.2d at 36.  In ultimately rejecting the Welch court's rule, the Personal Audio court stated, "[w]hether it is a correct view of statutory construction to hold that there is some equitable leeway in § 1400(b) will have to be decided by a higher court." 2017 WL 5988868, at *7.  The court in Personal Audio concluded that the plaintiff had not carried its burden of showing venue was proper when the last office constituting a regular and established place of business of the defendant closed twenty-one months prior to the lawsuit being filed.  Id. at *9.  Alternatively, the court analyzed the matter under Welch and determined that the plaintiff had not met its burden of showing the "21 month delay" between the closing of the office and the filing of the lawsuit was a "reasonable delay."  Id.

Here, under the unique facts presented, and heeding the Federal Circuit's admonition that "no precise rule has been laid down and each case depends on its own facts," In re Cray, 871 F.3d at 1362, application of the rule proposed in Personal Audio—using the exact date of the filing of the Complaint—is too rigid.  No one disputes that the causes of action accrued while Qualcomm had at least one office in this district, and the undersigned has already found that until the November 2015 closure, such a presence was regular and established.

So, if the <u>Personal Audio</u> rule were applied, the ultimate determination of whether the Court

has venue with respect to the claims brought by ParkerVision against Qualcomm[12] would turn

on whether ParkerVision had filed its Complaint just two to six weeks earlier.   The

undersigned finds the reasoning of <u>Welch</u> to be persuasive, especially in this circumstance.

<u>See</u> <u>Welch</u>, 416 F.2d at 36; <u>see also</u> <u>Wi-Lan Inc. v. Lenovo (United States), Inc.</u>, No.

17cv365-BEN-MDD, 2017 WL 3194692, at *3 (S.D. Cal. July 27, 2017) (unpublished)

(adopting <u>Welch</u> rule).   Accordingly, since Qualcomm had a regular and established place

of business in this district when the causes of action accrued, and ParkerVision filed its

Complaint within a reasonable time thereafter, the undersigned finds that this element is met

as to Qualcomm.

### b. Acts of Infringement

The Amended Complaint alleges with respect to acts of infringement that Apple and

Qualcomm, "directly or through subsidiaries or intermediaries, make[], use[], offer[] for sale,

sell[], import[], advertise[], make[] available and/or market[] products in the United States, the

State of Florida, and the Middle District of Florida that infringe one or more claims of each of

ParkerVision's Patents-in-Suit[.]" Am. Compl. at 4-5 ¶¶ 15-16. Apple does not contest that

it allegedly committed acts of infringement in this district.  <u>See</u> Apple's Motion.  Qualcomm

contends it did not, relying on the conclusory statement in Mr. Dobbins' declaration that "[t]he

actions ParkerVision has identified as the basis for Qualcomm's alleged infringement

---

[12]      Other than seeking permissive transfer of the whole action as its alternative form of relief, Qualcomm does not suggest what the Court would do with the counterclaims it brought.  Venue over those counterclaims is determined by a different test because "[v]enue in a declaratory judgment action for patent noninfringement and invalidity is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), and not the special patent infringement venue statute, 28 U.S.C. § 1400(b)." <u>Bristol-Myers Squibb</u>, 2017 WL 3980155, at *6 n.8 (collecting cases).

occurred either in the Southern District of California or overseas."  Qualcomm's Motion at 4; Dobbins Decl. at 3 ¶ 8.  Given that "an allegation of infringement-even if contested-is sufficient to establish venue" and "an act of infringement includes making, using, offering to sell, or selling a patented invention," <u>Intellectual Ventures II</u>, 2017 WL 5630023, at *8 (internal quotations and citations omitted), and in light of the conclusory nature of Mr. Dobbins' statement to the contrary, the undersigned finds that ParkerVision has met its burden of showing acts of infringement in this district as to both Apple and Qualcomm.

### c. Conclusion as to Venue Pursuant to 28 U.S.C. § 1400(b)

In sum, the Court has venue over ParkerVision's claims pursuant to 28 U.S.C. § 1400(b).  To the extent Apple seeks dismissal and Qualcomm seeks a transfer to the Southern District of California on the basis that the Court does not have venue, the requests are due to be denied.[13]

---

[13]   The undersigned notes that, especially in the wake of <u>TC Heartland</u>, some courts have granted requests for or otherwise ordered venue-related discovery.  <u>See, e.g.</u>, <u>Javelin Pharm.</u>, 2017 WL 5953296, at *2; <u>Mallinckrodt IP v. Mallinckrodt Hosp. Prod.</u>, Nos. 17-365-LPS, 17-660-LPS, 2017 WL 6383610, at *2 (D. Del. Dec. 14, 2017) (unpublished).  This Court has not received such a request from any party.  <u>See, e.g.</u>, <u>Reflection, LLC v. Spire Collective LLC</u>, No. 17cv1603-GPC(BGS), 2018 WL 310184, at *4 n.1 (S.D. Cal. Jan. 5, 2018) (unpublished) (noting that the plaintiff had not requested discovery on the venue issue).  In any event, the record, as it currently stands, is sufficient for the Court to decide this venue question.  <u>See</u> <u>Patent Holder LLC v. Lone Wolf Disrib., Inc.</u>, No. 17-23060-Civ-Scola, 2017 WL 5032989, at *6-7 (S.D. Fla. Nov. 1, 2017) (unpublished) (denying a plaintiff's request for venue-specific discovery).

**B.  Transfer for Convenience Pursuant to 28 U.S.C. § 1404(a).**

Qualcomm alternatively moves to transfer the case under the permissive transfer statute, 28 U.S.C. § 1404(a).  Qualcomm's Motion at 8-18.[14]  Apple does not object to this proposal but does not make any argument in support of it.  Apple's Motion at 2, 15.  ParkerVision opposes the request, contending mainly that its choice of forum; the parties' relative means; and this District's familiarity with the technology at issue weigh in favor of retaining the case here, with the other relevant factors being at best neutral.  See Response to Qualcomm's Motion at 14-19.

As noted previously, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  A motion to transfer venue pursuant to Section 1404(a) in a patent case is governed by regional circuit law, rather than the law of the Federal Circuit.  See In re TS Tech USA Corp., 551 F.3d 1315, 1319 (Fed. Cir. 2008) (citation omitted).  A court engages in a two-step inquiry when considering whether a case should be transferred pursuant to § 1404(a).  First, the court must determine whether the case could have been filed in the proposed district.  See, e.g., Eye Care Int'l, Inc. v. Underhill, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000) (citation omitted).  If so, the court proceeds to the second step:

_____

[14]        ParkerVision argues, much like it did in response to the venue challenge, that Qualcomm has waived the opportunity to seek permissive transfer under Section 1404(a).  Response to Qualcomm's Motion at 14 (citing Fed. R. Civ. P. 12(h)).  ParkerVision is incorrect.  "[U]nlike a motion to dismiss for improper venue made pursuant to Rule 12(b), the waiver provisions of Rule 12(h) do not govern a motion to transfer venue pursuant to the discretionary provisions of 28 U.S.C. § 1404(a)."  APR, LLC v. Am. Aircraft Sales, Inc., 985 F. Supp. 2d 1298, 1302 (M.D. Ala. 2013) (internal quotations omitted) (collecting cases).  Nevertheless, it is curious, as ParkerVision suggests, that Qualcomm did not seek permissive transfer until it did.

"whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice."  Id.  In evaluating the second step, the court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted); see also Hampton-Muhamed v. James B. Nutter & Co., 687 F. App'x 890, 892 (11th Cir. 2017) (citation omitted) (reiterating that the nine Manuel factors are to be considered in deciding a motion to transfer); Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc., 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (citation omitted).

The burden of showing that transfer is appropriate lies with the movant, and the decision as to whether a case should be transferred rests largely within "the broad discretion" of the court.  Carroll v. Texas Instruments, Inc., 910 F. Supp. 2d 1331, 1333 (M.D. Ala. 2012) (citing In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); England v. ITT Thompson Indus., Inc., 856 F.2d 1518, 1520 (11th Cir. 1998)); see also Trinity Christian Ctr., 761 F. Supp. 2d at 1332.

As to the first consideration, whether the case could have originally been brought in the proposed district, the undersigned finds (and ParkerVision does not dispute) that venue may also lie in the Southern District of California, the district to which Qualcomm seeks to

transfer this matter.  The undersigned now proceeds to the second step of the analysis and considers the convenience factors outlined above.

### 1. Convenience of the Parties and Witnesses; Availability of Compulsory Process; Relative Means of Parties

While some district courts within the Eleventh Circuit consider the convenience of witnesses to be "the single most important factor in the analysis of whether a transfer should be granted," Testa v. Grossman, No. 5:15-cv-321-Oc-PRL, 2015 WL 6153743, at *2 (M.D. Fla. 2015) (unpublished) (citation omitted), "the convenience of a witness is less significant when the witness is an employee of a party, as the employer-party can secure the witness's presence at trial," Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable SE, LLC, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *24 (M.D. Fla. Mar. 27, 2014) (unpublished) (citations omitted); Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001) (recognizing that "transfer may be denied when the witnesses, although in another district, are employees of a party and their presence can be obtained by that party"). A request to transfer "may also be denied where the movant does not show that the witnesses would be unwilling to testify and that compulsory process would be necessary." Mason, 146 F. Supp. 2d at 1361-62 (citations omitted).  "The party seeking the transfer must support its motion by clearly specifying the key witnesses to be called and particularly stating the significance of their testimony."  Id. at 1362 (citation omitted).

Here, while the vast majority of Qualcomm (and Apple) witnesses live and work in the Southern District of California, see Qualcomm's Motion at 10-11 (citing, inter alia, Dobbins Decl. at 2-3 ¶¶ 3, 4, 8), Defendants have authority over their own employees and can compel the employees to travel to this District if necessary.   Qualcomm's reliance on the

inconvenience of the employees traveling to Florida and its lack of documents here is mitigated to a degree by now having the recently-acquired joint venture office in Maitland (even though, as Qualcomm points out, the there are currently no relevant witnesses or documents within 100 miles of Jacksonville).

ParkerVision's witnesses and employees, by contrast, are located in this District. Response to Qualcomm's Motion at 16 (citing Parker Decl. at 2 ¶¶ 6-7).  Further, Qualcomm has significantly more financial resources available to it than does ParkerVision.  See id. at 18-19. While Qualcomm may be inconvenienced if this matter remains here, the undersigned is cognizant of the fact that a request to transfer will be denied "if the transfer would merely shift the inconvenience from one party to the other, or if the balance of all  factors is but slightly in favor of the movant."  Folkes v. Haley, 64 F. Supp. 2d 1152, 1154 (M.D. Ala. 1999) (alteration, quotations, and citation omitted).  Considering the parties' respective arguments, the undersigned finds that these factors weigh in favor of retaining the case in this District.

### 2.  Locus of Operative Facts

In patent cases, the "locus of operative facts, and the preferred forum for litigation, is usually where the accused products [were] designed and developed."  PhD Research Grp. v. Asetek, A/S, No. 6:14-cv-578-Orl-22KRS, 2014 WL 12617912, at *3 (M.D. Fla. Oct. 23, 2014) (unpublished) (citations omitted).  Here, the accused products were "primarily designed and developed in the Southern District of California."  Dobbins Decl. at 2 ¶ 3.  This factor weighs in favor of transfer.

### 3.  Location of Relevant Evidence and Ease of Access to Sources of Proof

At the outset, the undersigned notes that this factor is generally given "little weight due to  advances in copying technology and the ease of transporting documents."  Silong v. United States, No. 5:05-cv-55-Oc-10GRJ, 2006 WL 948048, at *3 (M.D. Fla. Apr. 12, 2006) (unpublished) (citing cases); see Mason, 146 F. Supp. 2d at 1364 ("[i]n light of technological advancements in document imaging, management, and retrieval, it is unlikely that document production will be unduly burdensome if transfer is denied").  Here, all relevant evidence and documents from Qualcomm are located in the Southern District of California.  Qualcomm's Motion at 12-13 (citing, inter alia, Dobbins Decl. at ¶¶ 3,5,8).  By contrast, ParkerVision's corporate and financial records, engineering notebooks, and equipment are all located in this District.  Response to Qualcomm's Motion at 16 (citing Parker Decl. at ¶¶ 6-7).  Also, all of ParkerVision's engineering research and development and its manufacturing occur in this District.  Id. (citing Parker Decl. at ¶ 8).  And, the inventions claimed in the asserted patent(s), including the '528 Patent, were conceived and reduced to practice in this District.  Id. (citing Parker Decl. at ¶¶ 8, 11).  The undersigned finally notes that the parties engaged in somewhat extensive discovery in the ITC proceeding, so that may streamline the discovery in this action at least in terms of documents and evidence.[15]  On the whole, the undersigned finds this factor is neutral.

---

[15]       Discovery may even be streamlined with respect to witnesses. See Response to Qualcomm's Motion at 18 (stating that "the parties have already taken many fact depositions as part of the ITC investigation, so the number of witnesses that may be burdened by depositions in this case going forward will be kept to a minimum").

### 4.  Forum's Familiarity with Governing Law; Trial Efficiency and Interests of Justice

This District and the Southern District of California are equally able to apply the governing patent law.  This District, however, is familiar with the parties and somewhat with the technology at issue because there have been two other cases litigated in this forum between the parties "involving patents covering related technology."  Response to Qualcomm's Motion at 19 (citing Nos. 3:11-cv-719-J-37JRK[16]; 6:14-cv-687-Orl-40KRS).  On the whole, these factors weigh in favor of retaining the case in this District.[17]

### 5.  Plaintiff's Choice of Forum

"Generally, in determining the merits of a § 1404(a) motion to transfer, this Court gives strong consideration to the plaintiff's choice of forum."  Suomen Colorize Oy v. DISH Network, L.L.C., 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011).  The Eleventh Circuit has recognized that a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quotation and citation omitted); see Response Reward Sys., L.C. v. Meijer, Inc., 189 F. Supp. 2d 1332, 1339 (M.D. Fla. 2002) (stating that "[o]nly if the [p]laintiff's choice [of forum] is clearly outweighed by considerations of convenience, cost, judicial economy,

---

[16]     Beginning in November 2013, upon recusal of another newly-assigned magistrate judge, the undersigned became the assigned magistrate judge on this case. See 3:11-cv-719-J-37JRK, Doc. Nos. 484, 485. When the case was reassigned, the case was in its late stages, so the undersigned had minimal involvement in it.

[17]     The undersigned notes that there is a related case now pending in the District of New Jersey: ParkerVision, Inc. v. LG Elec., Inc., et al., No. 2:17-cv-5359-MCA-LDW (D.N.J.).  The related case was filed by ParkerVision against the the LG Defendants formerly named in this case after those defendants were dismissed from this case.  According to ParkerVision, it did so in the wake of TC Heartland "because it recognized that venue with respect to [those defendants] was not proper here."  Response to Qualcomm's Motion at 19 n.5.

and expeditious discovery and trial process should this Court disregard the choice of forum and transfer the action" (citation omitted)).  "However, the plaintiff['s] choice is accorded lesser weight where the choice of forum lacks any significant connection with the underlying claim."  Silong, 2006 WL 948048, at *1 (citing Bell v. K Mart Corp., 848 F. Supp. 996, 1000 (N.D. Ga. 1994); Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985)).

Qualcomm points out that some courts have even gone so far as to disregard a plaintiff's choice of forum in a patent infringement case, and Qualcomm urges this Court to do the same.  Qualcomm's Motion at 14-15 (citing, inter alia, EcoServ., LLC v. Certified Aviation Serv., LLC, No. 16-cv-21454, 2016 WL 4433169, at *2 (M.D. Fla. Aug. 22, 2016) (internal quotation and citations omitted)).  Qualcomm also contends that ParkerVision is a "continual forum shopp[er that brings] repeated failed litigations against Qualcomm" and argues that the forum shopping should not be awarded.  Id. at 15.  In support, Qualcomm details previous litigation brought by ParkerVision against it in this District, the ITC proceeding, and the District of New Jersey.[18]  Id. at 15-16.

The undersigned finds, despite Qualcomm's argument to the contrary, that ParkerVision's choice of forum is not "clearly outweighed by other considerations."  Robinson, 74 F.3d at 260 (quotations and citation omitted).  At the outset, the undersigned is not convinced by the argument regarding alleged forum shopping.  Further, on balance, while a plaintiff's choice of forum may be entitled to less weight in a patent infringement case, ParkerVision's choice of forum is entitled to at least some consideration given that it resides

---

[18]     See supra n.17.

here and all the inventions claimed in the asserted patents "were conceived and reduced to practice in this District."  Response to Qualcomm's Motion at 16 (citations omitted).  This factor weighs slightly in favor of ParkerVision.

### 6.  Conclusion as to Transfer for Convenience

In sum, upon consideration of all relevant factors, the undersigned finds that ultimately Qualcomm has not met its burden of showing that transferring this matter to the Southern District of California is appropriate.

## IV.  Conclusion

For all of the foregoing reasons, it is

**RECOMMENDED THAT:**

1.      Defendant Apple's Motion to Dismiss for Improper Venue (Doc. No. 58) be **DENIED**;

2.      Defendant Qualcomm Incorporated's Motion to Transfer to the Southern District of California (Doc. No. 60) be **DENIED**;

3.      Apple be directed to respond to the Amended Complaint within **fourteen (14) days** of the entry of an Order on these motions; and

4.      Qualcomm be permitted to amend its Answer and Counterclaims (as it requested) within **fourteen (14) days** of the entry of an Order on these motions solely for the purpose of making clear it contests venue as to the infringement counts set forth in the

Amended Complaint[19] (even though the undersigned has found herein that this Court has

venue).

      **RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on January 9, 2018.

*James R. Klindt*

       **JAMES R. KLINDT**
     United States Magistrate Judge

kaw
Copies to:

Honorable Brian J. Davis
United States District Judge

Counsel of Record

---

[19]    <u>See</u> supra n.9.