# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| PARKERVISION, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-cv-1477-J-39JRK |
| | ) Jury Trial Demanded |
| APPLE INC., and QUALCOMM INCORPORATED, | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

Plaintiff ParkerVision, Inc. ("ParkerVision") sues Apple Inc. ("Apple") and Qualcomm Incorporated ("Qualcomm") (collectively, "Defendants"), and alleges the following:

## THE PARTIES

1. ParkerVision is a Florida corporation with its principal places of business at 7915 Baymeadows Way, Suite 400, Jacksonville, Florida 32256 and 1035 Greenwood Boulevard, Lake Mary, Florida 32746.

2. Apple is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3. Qualcomm is a Delaware corporation with its principal place of business at 5775 Morehouse Drive, San Diego, California 92121.

## NATURE OF THE ACTION

4. This is a civil action for the infringement of United States Patent No. 9,118,528 (the "'528 Patent" or "Patent-in-Suit") (attached to the Complaint filed Dec. 14, 2015 (Doc.

No. 1; the "Complaint") as Exhibit 4 (Doc. Nos. 1-5 and 1-6)) entitled "Method And System For Down-Converting An Electromagnetic Signal, And Transforms For Same, And Aperture Relationships" under the patent laws of the United States, 35 U.S.C. § 1, *et. seq.*

5. ParkerVision is the lawful assignee and owner of all right, title and interest in and to the '528 Patent.

6. ParkerVision and Qualcomm are engaged in a separate patent infringement action, which ParkerVision filed in the Middle District of Florida, on May 2, 2014 and is styled *ParkerVision, Inc. v. Qualcomm Incorporated, et al.*, Case No. 6:14-cv-687-PGS-KRS, which was filed after the action styled *ParkerVision, Inc. v. Qualcomm Incorporated*, Case No. 3:11-cv-719-RBD-TEM. This action involves different patents than the other actions.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq*.

8. Personal jurisdiction exists generally over Apple because Apple has sufficient minimum contacts with the forum as a result of business conducted within the State of Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over Apple because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

9. Personal jurisdiction exists generally over Qualcomm because Qualcomm has sufficient minimum contacts with the forum as a result of business conducted within the State of

Florida and the Middle District of Florida. Personal jurisdiction also exists specifically over Qualcomm because it, directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and/or markets products in the United States, the State of Florida, and the Middle District of Florida that infringe one or more claims of each of ParkerVision's Patents-in-Suit, as alleged more particularly below.

10. Venue in this District is proper under 28 U.S.C. §§ 1400(b) and 1391(b) and (c), because Defendants are subject to personal jurisdiction in this District and have committed acts of infringement in this District. Defendants make, use, and/or sell infringing products within this District, have continuing presence within the District, and have the requisite minimum contacts with the District such that this venue is a fair and reasonable one.[1] Upon information and belief, Defendants have transacted and, at the time of the filing of this Complaint, are continuing to transact business within the District.

11. All conditions precedent to bringing this action have been performed, been waived or have occurred.

## COUNT I
### (Defendants' Infringement of the '528 Patent)

12. ParkerVision incorporates the allegations in paragraphs 1 through 11, above.

13. The '528 Patent is valid and enforceable.

### Apple Infringes the '528 Patent

14. Apple makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or

---

[1] This Court has already ruled that ParkerVision's venue allegations are sufficient and found that Defendants have regular and established places of business in this District. *See* Order Adopting Report and Recommendation Denying Motion to Transfer, Dkt. No. 95 (March 8, 2018).

under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by Apple are radio frequency ("RF") receivers, transceivers, other semiconductors that enable wireless technology, and the products that include these semiconductors.

15. On information and belief, Apple infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 8, 9, 10, 17, 18, 19, 23, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to Apple making, using, selling, offering to sell, and/or importing into the United States smartphones and tablets such as the iPhone 6 smartphone, iPhone 6S smartphone, and iPad Air tablet ("Apple Products"). Included in these exemplary Apple Products are Qualcomm-provided RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

16. Attached to the Complaint as Exhibit 30 (Doc. No. 1-32) is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPhone 6 smartphone, which includes a Qualcomm WTR1625 transceiver. Attached to the Complaint as Exhibit 31 (Doc. No. 1-33) is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPhone 6S smartphone, which includes a Qualcomm WTR3925 transceiver. Attached to the Complaint as Exhibit 32 (Doc. No. 1-34) is an exemplary claim chart comparing claim 1 of the '528 Patent to the iPad Air 2 tablet, which includes a Qualcomm WTR1625 transceiver. These claim charts are exemplary and, on information and belief, many other products provided by Apple infringe the '528 Patent.

**Qualcomm Infringes the '528 Patent**

17.     Qualcomm makes, uses, sells, offers to sell, and/or imports into the United States for subsequent sale or use products, services, methods, or processes that infringe, literally and/or under the doctrine of equivalents, or which employ systems, components, and/or processes that make use of systems or processes that infringe, literally and/or under the doctrine of equivalents, one or more of the claims of the '528 Patent. Such devices provided by Qualcomm are radio frequency ("RF") receivers, transceivers, and other semiconductors that enable wireless technology. Qualcomm provides these RF chips to other entities, including the other named Defendants in this Complaint, and then are incorporated into end user products.

18.     On information and belief, Qualcomm infringes literally and/or under the doctrine of equivalents, at least claims 1, 5, 8, 9, 10, 17, 18, 19, 23, 26, 27, 28, 33, 34, 35, and 36 of the '528 Patent due to Qualcomm making, using, selling, offering to sell, and/or importing into the United States RF devices such as the WTR1625 transceiver or the WTR3925 transceiver which are capable of down-converting a higher frequency signal into a lower frequency signal in the same way as claimed by the '528 Patent.

19.     Attached to the Complaint as Exhibit 33 (Doc. No. 1-35) is an exemplary claim chart comparing claim 1 of the '528 Patent to the Qualcomm WTR1625 transceiver. Attached to the Complaint as Exhibit 34 (Doc. No. 1-36) is an exemplary claim chart comparing claim 1 of the '528 Patent to the Qualcomm WTR3925 transceiver. These claim charts are exemplary and, on information and belief, many other products provided by Qualcomm infringe the '528 Patent.

20.     Qualcomm has had actual knowledge of or was willfully blind to the '528 Patent since the '528 Patent issued. As made public in the prior litigation between the parties, Qualcomm had actual knowledge of several ParkerVision patents, including patents covering down-conversion technology, and at least remained willfully blind to the existence of the '528

Patent. At the latest, Qualcomm received notice of the '528 Patent as of the date this action was filed.

21. Qualcomm has known about the '528 Patent, as set forth above. Moreover, Qualcomm lacks justifiable belief that there is no infringement, or that the infringed claims are invalid, and has acted with objective recklessness in its infringing activity. Qualcomm's infringement is therefore willful, and ParkerVision is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

22. ParkerVision is entitled to recover damages adequate to compensate ParkerVision for Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, ParkerVision respectfully requests a judgment:

A. that the '528 Patent is valid and enforceable;

B. that Defendants have infringed, contributorily infringed, and/or induced infringement of one or more claims of '528 Patent;

C. that awards ParkerVision all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the '528 Patent, up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate ParkerVision for Defendants' infringement, and an accounting;

D. declaring that this case is exceptional within the meaning of 35 U.S.C. § 285 and that ParkerVision be awarded its reasonable attorneys' fees against Defendants that it incurs in prosecuting this action;

E. for costs, and expenses that ParkerVision incurs in prosecuting this action; and

F. such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

ParkerVision hereby demands trial by jury on all claims and issues so triable.

| | |
|---|---|
| MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO PC<br>Michael T. Renaud<br>James M. Wodarski<br>Michael J. McNamara<br>Daniel B. Weinger<br>Kristina R. Cary<br>Boston, MA 02111<br>Tel: (617) 542-6000<br>Facsimile: (617) 542-2241<br>MTRenaud@mintz.com<br>MMcNamara@mintz.com<br>DBWeinger@mintz.com<br>KRCary@mintz.com | SMITH HULSEY & BUSEY<br><br>By /s/ *John R. Thomas*<br>  Stephen D. Busey<br>  John R. Thomas<br><br>Florida Bar Number 117790<br>Florida Bar Number 77107<br>Smith Hulsey & Busey<br>225 Water Street, Suite 1800<br>Jacksonville, Florida 32202<br>(904) 359-7700<br>(904) 359-7708 (facsimile)<br>busey@smithhulsey.com<br>jthomas@smithhulsey.com |

Attorneys for ParkerVision, Inc.